UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

VICKY A. SCHNEIDER,

          Plaintiff,

v.

CITY OF SHEBOYGAN

          Defendant.

Case No. 24-cv-00049

**ANSWER & AFFIRMATIVE DEFENSES**

Defendant, City of Sheboygan (the "City"), by its attorneys von Briesen & Roper, s.c., hereby answers the Plaintiff's complaint as follows:

## I. NATURE OF ACTION

Defendant states that this section of the Complaint contains no factual allegations to which a response is required. To the extent this section contains any factual allegations, deny.

## II. JURISDICTION AND VENUE

1. Answering paragraph 1, admit.

## III. PARTIES

2. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies.

3. Answering paragraph 3, deny that the address for the City listed in the Complaint is correct, because neither the City Clerk or the City Legal Department is located in Suite 204. Admit all other allegations not specifically addressed herein.

## IV. FACTUAL ALLEGATIONS

4. Answering paragraph 4, the City admits that in March 2019, Plaintiff was hired to work as the Director of Senior Services for Sheboygan. The City further admits that in March 2020, Plaintiff became the acting Human Resources Director and in May 2020 Plaintiff was officially promoted to Human Resources Director. The City lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies.

5. Admit that Todd Wolf was hired as Sheboygan's City Administrator in July 2020, and that he served as City Administrator during Plaintiff's tenure with the City. Affirmatively state that Mr. Wolf was terminated from his position as City Administrator on January 8, 2023. Deny any other factual allegation in paragraph 5 inconsistent herewith.

6. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies.

7. Answering paragraph 7, admit that Plaintiff conducted an exit interview of a female City of Sheboygan police officer on July 7, 2021, and that the interview occurred after the time that police officer brought a complaint; deny any other factual allegations not specifically addressed herein.

8. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies.

9. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies.

10. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies.

11. Answering paragraph 11, admit that the City submitted the complaint referenced in paragraph 7 to its insurer for the purpose of securing outside counsel to investigate said complaint. Deny all other factual allegations not specifically addressed herein.

12. The City denies the allegations in paragraph 12 and affirmatively states that, while Plaintiff was assigned responsibilities with regard to the initial internal investigation of the complaint, once outside counsel was secured, Plaintiff no longer needed to take part in the investigation so as not to bias the independent evaluation of outside counsel. To the extent Plaintiff remained involved in the investigation, her tasks were ministerial in nature and not involved with the substantive portions of the investigation.

13. The City admits that four female officers resigned during the fall of 2020 and early 2021. The City lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies.

14. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies.

15. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies.

16. The City admits that a meeting occurred on September 18, 2021, to discuss the report from the outside investigator, and was attended by Plaintiff, Mr. Wolf, Mayor Sorenson, and City Attorney Adams, and that Plaintiff made certain statements of opinion at that meeting. The City affirmatively states that the report from the outside investigator speaks for itself and denies any allegations inconsistent therewith. The City denies all other allegations in paragraph 16 not specifically addressed herein.

17. With regard to the factual allegations set forth in paragraph 17, the City lacks knowledge sufficient to form a believe as to the truth of those allegations and therefore denies. Further answering paragraph 17, the City states that to the extent any of the allegations paragraph 17 did occur, they were not retaliatory towards the Plaintiff. The City denies all other allegations in paragraph 17 not specifically addressed herein.

18. The City lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies.

19. The City admits that Plaintiff was on FMLA leave until March 2022, and then remained on leave without pay. The City lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies.

20. The City admits that Mr. Wolf sent a written communication to Plaintiff on May 12, 2022, states that the written communication speaks for itself and denies any allegations in paragraph 20 inconsistent therewith.

21. Deny.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent paragraph 22 contains any factual allegations, deny.

23. Paragraph 23 contains statements of opinion and/or legal conclusions to which no response is required. To the extent paragraph 23 contains any factual allegations, deny.

24. Admit that supervision of the City's employees was within the purview of Mr. Wolf's duties as Sheboygan's City Administrator. Deny all other allegations in paragraph 24.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent paragraph 25 contains any factual allegations, deny.

## V. CAUSE OF ACTION

26. Answering paragraph 26, Defendant realleges and incorporates by reference, as though set forth herein at length, all of the answers pled in response to paragraphs 1 through 25 of the Plaintiff's Complaint.

27. Deny.

28. Deny.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1. All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim fails, because she did not take part in a protected action or oppose an unlawful practice by the City, as defined in Title VII.

3. Plaintiff's claim fails, because the City did not subject Plaintiff to an adverse employment action as a result of Plaintiff's activity. Instead, Plaintiff exhausted all of her paid and unpaid leave, and ultimately resigned from the City on her own accord.

4. Plaintiff's claim fails, because her alleged protected action or opposition was not a "but-for" cause of any alleged adverse employment action.

5. To the extent Plaintiff suffered any adversity in her employment with the City, Plaintiff was the cause of such adversity.

6. Plaintiff's claim fails, because any actions taken by the City towards her were for bona fide reasons, including but not limited to business necessary.

7. All or part of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches, or unclean hands.

8. Defendants reserve the right to add additional affirmative defenses as they become known through the course of discovery.

**WHEREFORE**, Defendant requests that this Court enter a judgment in its favor, and award Defendant costs and attorney fees allowed by law, and any other relief the Court may deem appropriate under the circumstances.

Dated: March 18, 2024

By: *s/* William E. Fischer
William E. Fischer; SBN: 1045725
VON BRIESEN & ROPER, S.C.
55 Jewelers Park Drive, Suite 400
Neenah, WI 54956
Direct Dial: 920.232.4843
Email: William.Fischer@vonbriesen.com

*Attorneys for Defendant City of Sheboygan*

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a copy of the foregoing document was served via ECF upon all counsel of record in the Court's electronic filing system.

Dated: March 18, 2024

                                      Attorneys for Defendant, City of Sheboygan

                                      s/ William E. Fischer
                                      William E. Fischer SBN: 1045725

Mailing Address:
von Briesen & Roper, s.c.
55 Jewelers Park Drive, Suite 400
Neenah, WI 54956
Direct Telephone: 920-232-4843
Email: William.fischer@vonbriesen.com